**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**07      4811**

----------------------------------------------------------------x

CHRISTOPHER E. BROWN,
an individual,                          :

:        CASE NO.:

:

              Plaintiff,                :

**BIANCO, J.**   **FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

vs.                                     :

★   **NOV 19 2007**   ★

NASSAU COUNTY., a political subdivision of      :
the state of New York, *d/b/a* NASSAU
VETERANS MEMORIAL COLISEUM     :
and                                     :

BROOKLYN OFFICE

**BOYLE M.J.**

SMG FACILITY MANAGEMENT          :
CORPORATION, a New York Corporation,
:

              Defendants.               :

----------------------------------------------------------------x

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this

Complaint and sues the Defendant NASSAU COUNTY, a political subdivision of the State of New

York *d/b/a* NASSAU VETERANS MEMORIAL COLISEUM and SMG FACILITY

MANAGEMENT CORPORATION, a New York Corporation, for Preliminary and Permanent

Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to Titles II and III of

the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*, 12181 *et seq.* ("ADA"), attorney's

fees, injunctive relief, damages, and for injunctive relief and compensatory damages pursuant to 29

U.S.C. 794 *et seq.* (Rehabilitation Act).

## JURISDICTION AND VENUE

1.       Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original

jurisdiction over actions which arise from the Defendants' violations of Title II and Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*, 12181 *et seq*, (*see also* 28 U.S.C. § 2201 and § 2202), and for Plaintiff's claims arising from 29 U.S.C. 794 et seq. (Rehabilitation Act).

2.  This Court also has *pendant* jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3.  Venue is properly in the United States District Court for the Eastern District of New York because venue lies in the judicial district of the property *situs*. The Defendants' facility, where Defendants' goods, services, programs, and/or activities are offered, is located in and does business within this judicial district.

4.  Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a resident of the State of New York.

5.  MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

6.  Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

7.  Defendant, NASSAU COUNTY, "COUNTY," is a political subdivision of the State of New York and is a public entity within the meaning of 42 U.S.C. § 12132 of the ADA. Defendant owns a public entity within the meaning of 42 U.S.C. § 12132 of the ADA. Defendant is responsible for complying with the obligations of the ADA. The facility that houses the Defendant's services, programs, and/or activities is known as NASSAU VETERANS

MEMORIAL COLISEUM, hereinafter referred to as "THE COLISEUM," located at 1255 Hempstead Turnpike, Uniondale, NY 11553.

8.      Defendant, SMG FACILITY MANAGEMENT CORPORATION "SMG" is a New York Corporation registered to do business in the State of New York. Upon information and belief, SMG is the operator of the real property and improvements at THE COLISEUM which are the subject of this action.

9.      All events giving rise to this lawsuit occurred in the Eastern District of New York, in the County of Nassau.

## COUNT I - VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT AGAINST NASSAU COUNTY

10.      Plaintiff realleges and reavers Paragraphs 1 - 9 as if they were expressly restated herein.

11.      THE COUNTY is a public entity, subject to the ADA, which owns THE COLISEUM located at 1255 Hempstead Turnpike, Uniondale, NY 11553.

12.      Over the last three years, MR. BROWN visited THE COLISEUM, a public entity, to enjoy the services programs and/or activities of the Defendant, COUNTY, numerous times. MR. BROWN is an avid New York Rangers fan and visits THE COLISEUM to watch the Islanders play the Rangers each year.

13.      During these visits, MR. BROWN experienced serious difficulty utilizing the services, programs, and/or activities therein due to the architectural barriers discussed herein in Paragraph 18 of this Complaint.

14.      MR. BROWN continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 18 which still exist.

3

15.    MR. BROWN plans to and will visit the Property during the next hockey season when the Islanders and Rangers face off.

16.    42 U.S.C. §12133 provides: "[t]he remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."

17.    The Defendant, NASSAU COUNTY, has discriminated against Plaintiff, MR. BROWN, by denying him full access to the services, programs, and/or activities by failing to make their facility, THE COLISEUM, readily accessible as required by 42 U.S.C. § 12132 and its implementing regulations 28 C.F.R. Part 35.101-35.190 *et. seq*

18.    The Defendant, NASSAU COUNTY, has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by excluding and/or denying Plaintiff the full and equal benefits of its services, programs, and/or activities by failing to, *inter alia*, have accessible facilities. Plaintiff has experienced numerous barriers to access on the property. These violations include, but are not limited to:

      A.    insufficient wheelchair seating locations that are readily accessible;

      B.    insufficient companion seating next to the wheelchair seating locations;

      C.    improperly dispersed wheelchair seating locations;

      D.    insufficient lines of sight in wheelchair seating locations;

      E.    unequal choice of admission prices comparable to those for members of the general public;

      F.    improper accessible routes from the wheelchair seating locations to

4

emergency exits;

G.    improper ramps throughout the facility due to excessive slopes and cross slopes;

H.    improper doors and doorways throughout the facility including non-compliant hardware, threshold heights, and widths;

I.    inaccessible restrooms located throughout the facility;

J.    inaccessible pay phones throughout the facility;

K.    inaccessible water fountains throughout the facility;

L.    inaccessible counters throughout the facility due to excessive heights;

M.    lack of appropriate signage designating handicap accessible routes, handicap accessible restrooms, and handicap designated parking;

N.    inaccessible elevators throughout the facility;

O.    protruding objects throughout the facility;

P.    lack of adequate accessible parking at the facility;

Q.    lack of accessible concession stands due to excessively high counters; and

R.    lack of accessible bars and restaurants due to lack of accessible seating, high counters and lack of accessible restrooms.

19.    Upon information and belief, the transition plan, or lack thereof, fails to comply with the requirements of 28 C.F.R. §35.105 Section II-5.3000 and otherwise violates the ADA by failing:

A.    to conduct a self-evaluation of its services, policies, and practices by July 26, 1992 possibly 1993 and make modifications necessary to comply with the

Department's Title II regulations (28 C.F.R. Part 35), 28 C.F.R. §35.105;

*(The self evaluation of the park is incomplete)* II-8.2000 Self-evaluation.

B.    to notify applicants, participants, beneficiaries, and other interested persons

of their rights and the Town's obligations under Title II and the Department's

regulations, 28 C.F.R. §35.106*; (The "Transition Plan" does not show or*

*detail how or when notice has been given to interested parties)* II-8.4000

Notice to the public.

C.    to designate a responsible employee to coordinate its efforts to comply and

carry out the Town's ADA responsibilities, 28 C.F.R. § 35.107(a);   *(No*

*individual has been designated as the responsible entity.)*    II-8.5000

Designation of responsible employee and development of grievance

procedures.

D.    to establish a grievance procedure for resolving complaints of violations of

title II, 28 C.F.R. § 35.107(b); (No grievance procedure has been delineated.)

E.    to ensure that communications with applicants, participants, and members of

the public with disabilities are as effective as communications with others,

including furnishing auxiliary aids and services when necessary, 28 C.F.R.

§35.160;  (No notice regarding availability in alternate formats.)

F.    Where the entity communicates by telephone, ensure that means to

communicate through a telecommunications device for the deaf (TDD), or

other equally effective telecommunications system, is available for

individuals who have hearing or speech impairments, 28 C.F.R. §35.161;

*(No affirmation of how effective communication is to be accomplished.)*

20.   The discriminatory violations described in paragraph 18 are not an exclusive list of the COUNTY's ADA violations. Plaintiff requires a full inspection of the Defendants' facility in order to identify, photograph and to measure all of the discriminatory acts and other failures by which Defendant, COUNTY, violates Title II of the ADA as a result of Defendant, COUNTY's failure to make the facility, its programs, activities and accommodations readily accessible to and usable by individuals with disabilities.

21.   Title 28 C.F.R. § 35.130(4) states that "[a] public entity may not, in determining the site or location of a facility, make selections-- (i) [t]hat have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination..." Defendant, COUNTY, has violated this provision by providing its services, programs, and/or activities at an inaccessible facility.

22.   28 C.F.R. 35.150(b)(1) and 28 C.F.R. 35.15(c) mandate that compliance with 28 C.F.R. Part 36 App. A or Uniform Federal Accessability Standards (UFAS) shall be deemed to comply with Title II of the ADA.  Appendix A to Part 36 - Standards for Accessible Design (28 C.F.R. Part 36, App. A) - sets out guidelines  for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

23.   Defendant, NASSAU COUNTY, has discriminated against the Plaintiff by excluding him from participation in, and denying them the benefits of, the services, programs, and/or activities at its facility because of Plaintiff's disabilities, all in violation of 42 U.S.C. §

7

12132.  Furthermore, the COUNTY continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, programs, activities, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, programs, and/or activities, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24.     The Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and/or activities of the COUNTY's facility, and have otherwise been discriminated against and damaged by the COUNTY because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  Furthermore, as required by the ADA and other remedial civil rights legislation, to properly remedy Defendant, COUNTY's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the COUNTY's facility in order to catalogue and cure all of the areas of non-compliance with the Americans with Disabilities Act.

25.     Plaintiff has retained the undersigned counsel and are entitled to recover reasonable attorney's fees, costs and litigation expenses from the COUNTY pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 35.175.

26.     Plaintiff is without adequate remedy at law and are suffering irreparable harm.

27.    Pursuant to 42 U.S.C. § 12131, *et seq.*, this Court is provided authority to grant Plaintiffs'

injunctive relief including an order to alter THE COLISEUM to make those facilities, and/or

programs, and/or activities, readily accessible and useable to the Plaintiffs and all other

persons with disabilities as defined by the ADA; or by closing the facility until such time

as the COUNTY cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendant,

COUNTY, at the commencement of the subject lawsuit, are in violation of

Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.

b.    Preliminary and permanent injunctive relief against the Defendant,

COUNTY, including an order to make all readily achievable alterations to the

facility; or to make such facility readily accessible to and usable by

individuals with disabilities to the extent required by the ADA; and to require

the Defendant, COUNTY, to make reasonable modifications in policies,

practices or procedures, when such modifications are necessary to afford all

offered goods, services, facilities, privileges, advantages or accommodations

to individuals with disabilities; and by failing to take such stops that may be

necessary to ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals

because of the absence of auxiliary aids and services.

c.    An award of reasonable attorney's fees, costs and litigation expenses pursuant

to 42 U.S.C.§ 12205 and 28 C.F.R. 35.175.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title II of the Americans with Disabilities Act.

## COUNT II
## VIOLATIONS OF THE REHABILITATION ACT AGAINST NASSAU COUNTY

28.     Plaintiff adopts and re-alleges the allegations contained in Paragraphs 1-27 as if fully stated herein.

29.     Plaintiffs bring this claim against the Defendant, NASSAU COUNTY, based upon the Rehabilitation Act, 29 U.S.C. §794, *et seq.*

30.     The Rehabilitation Act provides that:

> No otherwise qualified individual with handicaps in the United States, as defined by 7(8) [29 USCS § 706(8)], shall, solely by reason of his or her handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a).

31.     As set forth herein, the Defendant, COUNTY, has violated the Rehabilitation Act by intentionally excluding the Plaintiff, solely by reason of their disabilities, from the participation in, and denying him the benefits of, and have otherwise subjected them to discrimination under, the COUNTY's programs and activities.

32.     A non-exclusive list of the COUNTY's violations of the Rehabilitation Act and

10

discriminatory conduct against the Plaintiff are evinced by:

    A.    denying Plaintiff access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by Defendants;

    B.    by otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive Defendants's aids, benefits and services;

    C.    making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, and defeating or substantially impairing the accomplishment of the objectives of, the services, programs and activities offered by Defendants;

    D.    failing to make reasonable modifications in policies, practices and procedures which modifications are necessary to avoid discrimination on the basis of disability;

    E.    failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Plaintiff;

    F.    excluding Plaintiff from participation in, and the benefits of, Defendants's services programs and activities as a result of Defendants's facility being inaccessible to or unusable by Plaintiffs;

    G.    failing to operate each program, service and activity so that the programs, services and activities are readily accessible to and useable by individuals with disabilities;

    H.    failing to design and/or construct new facilities, or alterations to existing facilities, which are readily accessible to and useable by individuals with disabilities;

    I.    failing to take appropriate steps to insure that communications with applicants, participants and members of the public with disabilities are as effective as communications with others;

    J.    failing to modify its ticket pricing and sales policies and practices to ensure that wheelchair, companion, and aisle transfer seating is provided with the same availability and pricing as offered and charged to other members of the general public;

11

      K.      failing to furnish appropriate auxiliary aids and services where necessary to afford an individual with disabilities an equal opportunity to participate in, and enjoy the benefits of, a service, program or activity offered to the public by Defendantss.

33.     Upon information and belief, there are additional, ongoing violations of the Rehabilitation Act at THE COLISEUM which Plaintiff is more likely than not going to encounter upon his future visits to the subject premises.  Plaintiff brings this action:

      A.      to redress injuries suffered as a result of Defendant's discriminatory actions and inactions set forth herein;

      B.      to reasonably avoid further and future injury to Plaintiff as a result of Defendant's ongoing failure to cease their discriminatory practices as set forth in this action, including correcting violations of the Act;

      C.      to ensure Defendant's facility is accessible as required by the relevant applications of Titles II of the ADA, over thirteen years after the effective date of the ADA.

      E.      to be made whole and ensure future compliance; and,

      F.      to reasonably avoid future ADA and REHABILITATION ACT litigation involving the same property and under the same laws as set forth herein with its concomitant impact on otherwise scarce judicial resources.

Only through a complete inspection of the premises and related facilities, undertaken by Plaintiff and/or his representatives, can all said violations be identified and cured so as to ensure access for the disabled, the primary purpose of this action.

34.     Upon information and belief, the COUNTY is the recipient of Federal Funds.  As the recipients of federal funds, Defendants is liable for damages to the Plaintiff as a result of the COUNTY's acts and omissions constituting intentional discrimination.

35.     As set forth above, the Plaintiff has been denied access to, and have been, and without the

relief requested herein will continue to be denied the benefits of the services, programs, facilities, activities and accommodations offered by the COUNTY solely by reason of his disability, and have otherwise been discriminated against and damaged solely by reason of his disability as a result of the COUNTY's Rehabilitation Act violations set forth above.

36.   Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action. Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the COUNTY pursuant to 29 U.S.C. §794(b).

37.   Pursuant to 29 U.S.C. §794a this Court is provided authority to grant Plaintiff's injunctive relief including an order to alter the subject premises, facilities, services, activities, programs and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the Rehabilitation Act; closing all premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed; and, granting the plaintiffs compensatory damages for the COUNTY's discriminatory actions.

WHEREFORE, Plaintiff demands judgment against NASSAU COUNTY and requests the following injunctive and declaratory relief:

A.   That the Court declares that the property owned by NASSAU COUNTY is in violation of the Rehabilitation Act;

B.   That the Court enter an Order enjoining the COUNTY from continuing their discriminatory practices;

C.   That the Court enter an Order directing the Defendants to alter and modify

13

the subject premises, facilities, services, activities, programs and accommodations as appropriate to comply with the Rehabilitation Act;

D.   That the Court enter an Order closing the subject premises and facilities and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed;

E.   That the Court award reasonable attorneys' fees, costs and litigation expenses incurred in this action, and;

F.   That the Court award Plaintiff an award of compensatory damages as well as such further relief that the Court deems to be just and proper.

## COUNT III - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT AGAINST SMG

38.   Plaintiff realleges and reavers Paragraphs 1-37 as if they were expressly restated herein.

39.   SMG operates the Property, a public accommodation as defined by the ADA, which is open to the public and provides goods and services to the public.

40.   During the last three years, Plaintiff MR. BROWN, visited the Property numerous times, to watch Islanders vs. Rangers games.

41.   During these visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services at THE COLISEUM due to the architectural barriers discussed in Paragraph 18 herein.

42.   MR. BROWN continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 18 which still exist.

43.   MR. BROWN plans to and will visit the Property during the next hockey season when the

14

Islanders and Rangers play each other once again.

44.   Defendant, SMG is in violation of 42 U.S.C. § 12181 *et. seq.* and 28 C.F.R. § 36.302 *et. seq.* and are discriminating against the Plaintiff due to Defendant, SGM's failure to provide and/or correct, *inter alia,* the barriers discussed in Paragraph 18 of this Complaint.

45.   Upon information and belief, there are other current violations of the ADA and ADAAG at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be fully catalogued.

46.   Defendant, SMG, either does not have an adequate policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

47.   Independent of his intent to return as a spectator of the events located on the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

48.   Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant, SMG.

49.   Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

50.   The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by Defendant, SMG.

WHEREFORE, the Plaintiff demands judgment against SMG, and requests the following injunctive and declaratory relief:

A.  That the Court declares that the Property owned and operated by SMG is in violation of the ADA;

B.  That the Court enter an Order directing SMG to alter its facility to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.  That the Court enter an Order directing SMG to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow SMG to undertake and complete corrective procedures.

D.  That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.  That the Court award such other and further relief as it deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
Tel: (305) 891-1322
Fax: (305) 891-4512

By: _____
KU & MUSSMAN, P.A.
Attorney for Plaintiff

16

J. Justin Griffin, Esq.
Of Counsel
176 Route 304, 2nd Floor
Bardonia, NY 10954
Tel: (845) 623-8071
Fax: (845) 623-8072
jjg10@hotmail.com
Bar ID No.: JG4808